UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMMEL RAY REED,

      Petitioner,                                      Case No. 20-cv-11669
                                                              Honorable Sean F. Cox

v.

HEIDI WASHINGTON
and CONNIE HORTON,

      Respondents.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

### I. Introduction

Petitioner Rommel Ray Reed filed a *pro se* petition for the writ of habeas corpus and an emergency motion for a temporary restraining order (TRO) and preliminary injunction on June 3, 2020. Petitioner is a 46-year-old state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan where respondent Connie Horton is the warden. Respondent Heidi Washington is the Director of the Michigan Department of Corrections with an office in Lansing, Michigan.

Petitioner alleges that in 2007 he was sentenced in Jackson County Circuit Court to a term of 25 to 40 years in prison for conspiracy to manufacture and deliver over 1,000 grams of a controlled substance. However, he is not challenging his

conviction or sentence. Instead, he claims that, due to his age, his health problems, and conditions at the Chippewa Correctional Facility, he is in imminent danger of contracting the coronavirus and suffering from loss of health or even death. He seeks release from prison on bond or on parole.

## II. Discussion

Petitioner filed his habeas petition under 28 U.S.C. § 2241. Subsection (c)(3) of § 2241 states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A preliminary question here is whether this federal district is the proper venue for Petitioner's case.

Section 2242 of Title 28, United States Code, "straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also* 28 U.S.C. § 2243, which provides that "[t]he writ . . . shall be directed to the person having custody of the person detained." Thus, "in habeas challenges to present physical confinement –'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. "[F]or core habeas petitions challenging present physical confinement [under § 2241], jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also*

28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions").

Furthermore, "[i]t is well settled that the district courts have wide discretion to transfer an action to a different district or division, where it might have been brought, for the convenience of the parties and witnesses, in the interests of justice, pursuant to 28 U.S.C. § 1404(a)." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)). "In fact, 28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case sua sponte." *Carver v. Knox Cty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989) (footnote omitted).

Respondent Connie Horton is the warden of the prison where Petitioner is in custody. She performs her official duties at the Chippewa Correctional Facility in in Chippewa County, which lies within the geographical confines of the Federal District Court in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Thus, the proper venue for Petitioner's case is the Western District of Michigan.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** this case to the Northern Division of the United States District Court for the Western District of Michigan. The Court has not adjudicated Petitioner's motion for a TRO and preliminary injunction, nor determined whether Petitioner may proceed without

3

prepaying the filing fee for this action.

Dated: July 9, 2020                                  s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge